STATE OF MONTANA,
        Plaintiff,                                     **NO. 10407**

        **vs.**                                           **DECISION**

**Becky Lynn Richards,**
        **Defendant.**

On June 1, 1993, it was the judgment of the Court that the defendant, Becky Lynn Richards is hereby sentenced as follows: Count 1 through 4, 6, 7, 9 through 11, 13 through 26, 28 through 30, 32, 33, 35, 37 through 45, 47, 48, 50 through 52, and 55 through 59: That the defendant is sentenced to a term of ten (10) years on each count in the Women's Correctional Facility at Warm Springs, Montana, that, however, the defendant's sentences on each count are hereby suspended. Count 8: That the defendant is sentenced to a term of six (6) months in the Missoula County Jail in Missoula, Montana, that, however, defendant's sentence is hereby suspended. Count 60: That the defendant is sentenced to a term of life imprisonment in the Women's Correctional Facility at Warm Springs, Montana. Said sentences in Count 1 through 4 and Count

6 shall run consecutively with each other. Count 7, 9 through 11, 13 through 26, 28 through 30, 32, 33, 35, 37 through 45, 47, 48, 50 through 52, and 55 through 59 shall run concurrently with each other but consecutively to the sentences imposed in Count 1 through 4 and Count 6. Said sentence in count 8 shall run concurrently with all previously imposed sentences. All of said sentences shall run consecutively to the sentence imposed in Count 60. The terms and conditions of probation are as follows: 1. The Court retains jurisdiction and the right to impose additional conditions; 2. That the defendant shall never knowingly at any time during the period of suspension, engage in any conduct whatsoever offensive to the laws of the State of Montana, any other states or any of the laws of the United States of America, and conduct herself as a good citizen at all times; 3. That during the period of suspension of this sentence the defendant shall remain under the jurisdiction of this Court and of the Department of Corrections and Human Services, Adult Parole and Probation Bureau of the State of Montana, and the defendant shall be and is subject to all the rules and regulations of said department. In the event the defendant breaches any of the rules of said department or violates any laws of this State or any other states or the Federal Government, she shall be subject to immediate arrest and thereupon brought before this Court to determine if this Court should revoke the suspension of this sentence as in the judgment of this Court which will then seem proper, lawful and just; 4. That the defendant shall make restitution through the Clerk of the District Court in the amount of Sixty-eight Thousand Nine Hundred Sixty-eight and 60/100 Dollars ($68,968.60), according to a schedule as set by her Probation Officer. Any proceeds, any royalties or any offers of any type of monetary benefit to the Department relating in any way to the commission of these offenses is to be assigned first to pay the restitution to Jeff Richards and second to pay restitution to Richards Logging. Defendant shall be designated a dangerous offender for the purposes of parole. Defendant shall receive credit for time served at Missoula County Jail for March 24, 1992 (in and out same day) and from April 29, 1993, through date of sentencing, June 1, 1993, in the amount of thirty-five (35) days. It is further ordered that as restitution in this matter is received by the Clerk of Court, the Clerk may pro rate partial payments to the victims. The restitution shall be first disbursed to Jeff Richards of P.O. Box 321, Seeley Lake, MT 59868, in the amount of One Thousand Five Hundred Dollars ($1,500.00) and shall be disbursed second to Richards Logging of Seeley Lake, MT 59868, in the amount of Sixty-seven Thousand Four Hundred Sixty-eight and 60/100 Dollars ($67,468.60).

On March 7, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Stephanie Oblander, legal intern of the Montana Defender Project. The state was represented by Robert L. Deschamps, county attorney of Missoula.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 7th day of March, 1996.

26

The Sentence Review Board wishes to thank Stephanie Oblander, legal intern of the Montana Defender Project for representing Becky Richards in this matter and also Robert Deschamps, county attorney of Missoula for representing the State.